**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| STEVEN BURNHAM, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>QUTOUTIAO INC., ERIC SILIANG TAN, LEI LI, JINGBO WANG, XIAOLU ZHU, SHAOQING JIANG, JIANFEI DONG, OLIVER YUCHENG CHEN, CITIGROUP GLOBAL MARKETS INC., DEUTSCHE BANK SECURITIES INC., CHINA MERCHANTS SECURITIES (HK) CO., LTD., UBS SECURITIES LLC, and KEYBANC CAPITAL MARKETS INC.,<br><br>Defendants. | Case No.: 1:20-cv-06707-SHS<br><br>Hon. Sidney H. Stein |

**MEMORANDUM OF LAW IN SUPPORT OF ROBERT ARREDONDO'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL**

# TABLE OF CONTENTS

**Page**


I. FACTUAL BACKGROUND ..... 2

II. PROCEDURAL HISTORY ..... 4

III. ARGUMENT ..... 4

A. Appointing Mr. Arredondo As Lead Plaintiff Is Appropriate ..... 4

1. Mr. Arredondo Filed a Timely Motion. ..... 5

2. Mr. Arredondo Has the Largest Financial Interest. ..... 6

3. Mr. Arredondo Satisfies the Relevant Requirements of Rule 23. ..... 7

a. Mr. Arredondo's Claims Are Typical. ..... 8

b. Mr. Arredondo Is An Adequate Representative. ..... 8

B. Approving Lead Plaintiff's Choice of Counsel Is Appropriate. ..... 9

IV. CONCLUSION ..... 10

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Cendant Corp.*,
264 F.3d 201 (3d Cir. 2001)........................................................................................ 9

*City of Monroe Emples.' Ret. Sys. v. Hartford Fin. Servs. Group, Inc.*,
269 F.R.D. 291 (S.D.N.Y. 2010) ............................................................................ 7, 8

*In re eSpeed, Inc. Sec. Litig.*,
232 F.R.D. 95 (S.D.N.Y. 2005) .................................................................................. 7

*In re Hebron Tech. Co. Sec. Litig.*,
C.A. No. 1:20-cv-4450-PAE, 2020 US Dist LEXIS 169480 (S.D.N.Y. Sep. 16, 2020).......... 6

*Kuriakose v. Fed. Home Loan Mortg. Co.*,
No. 1:08-cv-7281-JFK, 2008 U.S. Dist. LEXIS 95506 (S.D.N.Y. Nov. 24, 2008)............. 7, 8

*Varghese v. China Shenghuo Pharm. Holdings, Inc.*,
589 F. Supp. 2d 388 (S.D.N.Y. 2008)..................................................................... 5, 7

*Waterford Twp. Police & Fire Ret. Sys. v. Smithtown Bancorp, Inc.*,
No. 10-cv-00864-SLT, 2011 U.S. Dist. LEXIS 88552 (E.D.N.Y. May 31, 2011).................. 8

**Statutes**

15 U.S.C. § 77z-1 ............................................................................................... passim

15 U.S.C. § 78u-4 ............................................................................................... passim

**Rules**

FED. R. CIV. P. 23............................................................................................... 1, 5, 7, 8

Robert Arredondo ("Mr. Arredondo") respectfully submits this memorandum of law in support of his motion ("Motion") to appoint him as lead plaintiff in the above-captioned action (the "Action")[1] and approve his selection of Levi & Korsinsky, LLP ("Levi & Korsinsky") as Lead Counsel pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B) and 15 U.S.C. § 77z-1(a)(3)(B), on behalf of a putative class of purchasers that a) purchased or otherwise acquired Qutoutiao Inc. ("Qutoutiao" or the "Company") American Depositary Shares ("ADSs" or "shares") pursuant and/or traceable to the registration statement and prospectus (collectively, the "Registration Statement") issued in connection with the Company's September 2018 initial public offering ("IPO" or the "Offering"); and/or b) purchased or otherwise acquired Qutoutiao securities between September 14, 2018 and July 15, 2020, inclusive (the "Class Period"), against Defendants Qutoutiao, Eric Siliang Tan, Lei Li, Jingbo Wang, Xiaolu Zhu, Shaoqing Jiang, Jianfei Dong, Oliver Yucheng Chen, Citigroup Global Markets Inc., Deutsche Bank Securities Inc., China Merchants Securities (Hk) Co., Ltd., Ubs Securities Llc, and Keybanc Capital Markets Inc., (collectively "Defendants").

Pursuant to the PSLRA, the person or group of persons with the largest financial interest in the relief sought by the Class who also satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure are presumed to be the "most adequate" plaintiff—*i.e.*, the plaintiff most capable of adequately representing the interests of Class members. The PSLRA provides that the Court shall appoint the most adequate movant as lead plaintiff. Mr. Arredondo believes that he is the "most adequate" plaintiff, as defined by the PSLRA, and should be appointed lead plaintiff based on the financial losses he suffered as a result of defendants' wrongful conduct as alleged in

[1] The Action is *Burnham v. Qutoutiao, Inc., et al.*, Case No. 1:20-cv-06767-SHS filed in the Southern District of New York on August 20, 2020.

this litigation. Moreover, Mr. Arredondo satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure, as his claims are typical of other Class members' claims and he will fairly and adequately represent the interests of the Class. In addition, Mr. Arredondo's selection of Levi & Korsinsky as Lead Counsel should be approved because the firm has substantial expertise in securities class action litigation and the experience and resources to efficiently prosecute this Action.

## I. FACTUAL BACKGROUND[2]

Qutoutiao is incorporated under the laws of the Cayman Islands with its principal executive offices located in Shanghai, China and offers a mobile application called Qutoutiao (which means "fun headlines" in Chinese) that collects articles and short videos from professional media and freelancers and presents customized feeds to its users. ¶¶ 2,17.

In the Registration Statement and throughout the Class Period, Defendants made materially false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations, and prospects. Specifically, Defendants failed to disclose to investors: (1) that Qutoutiao replaced its advertising agent with a related party, thereby bypassing third-party oversight of the content and quality of the advertisements; (2) that the Company placed advertisements on its mobile app for products whose claims could not be substantiated and thus were considered false advertisements under applicable regulations; (3) that, as a result, the Company would face increasing regulatory scrutiny and reputational harm; (4) that, as a result, the Company's advertising revenue was reasonably likely to decline; and (5) that, as a result of the

[2] Citations to "¶ __" are to paragraphs of the Class Action Complaint (the "*Burnham* Complaint") filed in the *Burnham* Action. Unless otherwise defined, capitalized terms shall have the same meaning set forth in the *Burnham* Complaint.

foregoing, Defendants' positive statements about the Company's business, operations, and prospects, were materially misleading and/or lacked a reasonable basis. ¶ 10.

In the Company's September 2018 IPO, the Company sold 13.8 million ADSs at a price of $7.00 per share and received proceeds of approximately $85.8 million from the Offering, net of underwriting discounts and commissions. ¶ 3. The proceeds from the IPO were purportedly to be used for expanding and enhancing the Company's content offerings, for product development and technology infrastructure, and for general corporate purposes, including marketing and promotion of its products and branding and potential acquisitions and investments. *Id.*

On December 10, 2019, Wolfpack Research published a report that alleged the Company had overstated its revenues by recording non-existent advances from advertising customers. ¶ 4. Moreover, the report alleged that Qutoutiao replaced its third-party advertising agent with a related party, thereby bypassing the agent's oversight and allowing the Company to "perpetrate the unmitigated ad fraud that [Wolfpack] observed in [its] sample." *Id.*

On this news, the Company's share price fell $0.12, nearly 4%, to close at $2.86 per share on December 11, 2019, on unusually heavy trading volume. ¶ 5.

Months later, on July 15, 2020, hosts of a consumer rights gala stated that Qutoutiao had allowed ads on its platform promoting exaggerated or impossible claims from weight-loss products. ¶6. On this news, the Company's share price fell $0.85, or 23%, to close at $2.84 per share on July 16, 2020, on unusually heavy trading volume. ¶ 7.

Then, on July 17, 2020, Chinese media reported that Qutoutiao's app had been removed from domestic Android app stores. ¶8. When the *Burnham* Action was filed on August 20, 2020, Qutoutiao's shares were trading as low as $3.08 per share, a nearly 56% decline from the $7 per share IPO price. ¶ 9.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages.

## II. PROCEDURAL HISTORY

Pending before this Court is the above-captioned Action against Defendants. Plaintiff Steven Burnham ("Burnham") commenced the first filed action against Qutoutiao on August 20, 2020. On that same day, counsel acting on Burnham's behalf published a notice on *Business Wire* announcing that a securities class action had been initiated against the Defendants. *See* Exhibit C ("Press Release") to the Declaration of Shannon L. Hopkins in Support of Mr. Arredondo's Motion ("Hopkins Decl.").

## III. ARGUMENT

### A. Appointing Mr. Arredondo As Lead Plaintiff Is Appropriate

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the federal securities laws. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of: (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B); 15 U.S.C. § 77z-1(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" — *i.e.*, the plaintiffs most capable of adequately representing the interests of the Class — is the class member or group of class members that:

> (aa) has either filed the complaint or made a motion in response to a notice. . .
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii)(I); 15 U.S.C. §77z-1(a)(3)(B)(iii)(I).

The presumption "may be rebutted only upon proof by a purported member of the plaintiff class that the presumptively most adequate plaintiff—

(aa) will not fairly and adequately protect the interest of the class; or

(bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class."

15 U.S.C. §78u-4(a)(3)(B)(iii)(II); 15 U.S.C. §77z-1(a)(3)(B)(iii)(II).

As set forth below, Mr. Arredondo satisfies the forgoing criteria and has complied with all of the PSLRA's requirements to be appointed lead plaintiff. Mr. Arredondo has, to the best of his knowledge, the largest financial interest in this litigation—having lost $11,487.35 as a result of his Class Period transactions in Qutoutiao securities—and meets the relevant requirements of Federal Rule of Civil Procedure 23. *See* Loss Chart, Ex. B to Hopkins Decl. In addition, Mr. Arredondo is not aware of any unique defenses that Defendants could raise against him that would render him inadequate to represent the Class. Accordingly, Mr. Arredondo respectfully submits that he should be appointed as lead plaintiff. *See Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 397 (S.D.N.Y. 2008).

**1. Mr. Arredondo Filed a Timely Motion.**

On August 20, 2020 pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i) and 15 U.S.C. § 77z-1(a)(3)(A)(i), counsel for Burnham published the Press Release on *Business Wire*—a widely circulated national business-oriented wire service—announcing that a securities class action had been filed against defendants herein and advising purchasers of Qutoutiao securities that they had 60 days from the publication of the August 20, 2020 notice to file a motion to be appointed as lead

plaintiff. *See* Press Release, Ex. C to Hopkins Decl.; *In re Hebron Tech. Co. Sec. Litig.*, C.A. No. 1:20-cv-4450-PAE, 2020 US Dist LEXIS 169480, at *6 (S.D.N.Y. Sep. 16, 2020) (finding that a notice published on *Business Wire* satisfied Rule 23).

Mr. Arredondo timely filed his motion within the 60-day period following publication of the August 20, 2020 Press Release and has submitted herewith a sworn certification attesting that he is willing to serve as representatives of the Class and attaching his transactions in Qutoutiao securities. *See* Hopkins Decl., Ex. A. By making a timely motion in response to a PSLRA notice, Mr. Arredondo satisfies the first PSLRA requirement to be appointed as lead plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(aa); 15 U.S.C. § 77z-1(a)(3)(B)(iii)(aa).

**2. Mr. Arredondo Has the Largest Financial Interest.**

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. §78u-4(a)(3)(B)(iii), 15 U.S.C. §77z-1(a)(3)(B)(iii). At the time of this filing, Mr. Arredondo believes that he has the largest financial interest among Class members who filed timely applications for appointment as lead plaintiff and, accordingly, are presumed to be the "most adequate plaintiffs."

Mr. Arredondo purchased Qutoutiao securities at prices alleged to have been artificially inflated by way of the Defendants' scheme and/or in reliance upon the materially false and misleading statements issued by the Defendants and were injured thereby. As a result of the alleged fraud against Defendants, Mr. Arredondo suffered an approximate loss of $11,487.35 [3]. *See* Hopkins, Ex. B. Mr. Arredondo is unaware of any other Class member claiming a larger financial

[3] Pursuant to Section 11 of the Securities Act of 1933, Mr. Arredondo has a calculated loss of $10,074.75.

interest in this matter that has filed a motion for appointment as lead plaintiff. Consequently, Mr. Arredondo believes that he has the "largest financial interest in the relief sought by the Class." Thus, Mr. Arredondo satisfies the second PSLRA requirement—the largest financial interest—to be appointed as lead plaintiff for the Class. *See Varghese*, 589 F. Supp. 2d at 396.

### 3. Mr. Arredondo Satisfies the Relevant Requirements of Rule 23.

The PSLRA further provides that in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." *See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc); 15 U.S.C. §77z-1(a)(3)(B)(iii)(I)(cc).Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

FED. R. CIV. P. 23(a).

In making its determination that a lead plaintiff candidate satisfies the requirements of Rule 23, "typicality and adequacy of representation are the only provisions [of Rule 23] relevant to the determination." *City of Monroe Emples.' Ret. Sys. v. Hartford Fin. Servs. Group, Inc.*, 269 F.R.D. 291, 296 (S.D.N.Y. 2010). At the lead plaintiff stage of the litigation, Mr. Arredondo needs only make a preliminary showing that he satisfies Rule 23's typicality and adequacy requirements. *Id*. at 296-97 (*citing In re eSpeed, Inc. Sec. Litig.*, 232 F.R.D. 95, 102 (S.D.N.Y. 2005); *Kuriakose v. Fed. Home Loan Mortg. Co.*, No. 1:08-cv-7281-JFK, 2008 U.S. Dist. LEXIS 95506, at *11-12 (S.D.N.Y. Nov. 24, 2008).

**a. Mr. Arredondo's Claims Are Typical.**

The Rule 23(a) typicality requirement is satisfied when a lead plaintiff's claims arise from the same event, practice, or course of conduct that gives rise to other class members' claims, and lead plaintiff's claims are based on the same legal theory. *See Kuriakose*, 2008 U.S. Dist. LEXIS 95506, at *12. Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Id*.

Mr. Arredondo's claims are typical of the claims asserted by the proposed Class. Like all members of the Class, Mr. Arredondo alleges that Defendants' material misstatements and omissions, and fraudulent scheme, concerning Qutoutiao's business, operations, and risks of investing in the Fund, violated the federal securities laws. Mr. Arredondo, like all members of the Class, purchased Qutoutiao securities during the Class Period at prices artificially inflated by Defendants' materially false and misleading statements, and were damaged thereby. *Waterford Twp. Police & Fire Ret. Sys. v. Smithtown Bancorp, Inc.*, No. 10-cv-00864-SLT, 2011 U.S. Dist. LEXIS 88552, at *12 (E.D.N.Y. May 31, 2011) (typicality satisfied where movants purchased stock at artificially inflated prices "and suffered damages as a result"). Accordingly, Mr. Arredondo's interests and claims are "typical" of the interests and claims of the Class.

**b. Mr. Arredondo Is An Adequate Representative.**

"The adequacy requirement is satisfied where: (1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *City of Monroe*, 269 F.R.D. at 297. Mr. Arredondo has demonstrated his adequacy by retaining competent and experienced counsel with the resources and expertise to efficiently prosecute these Actions, and Mr. Arredondo's financial

losses ensure that he has sufficient incentive to ensure vigorous advocacy. *See* Hopkins Decl., Ex. B. Finally, Mr. Arredondo is not aware that any conflict exists between his claims and those asserted on behalf of the Class.

Further, Mr. Arredondo is ideally suited to act as an advocate and fiduciary of the Class. Mr. Arredondo, located in Phoenix, Arizona, is a sophisticated investor with over three years of investing experience. He possesses a Bachelor of Science degree in health sciences and is currently employed as a special education's teacher.

Accordingly, at this stage of the proceedings, Mr. Arredondo has made the preliminary showing necessary to satisfy the typicality and adequacy requirements of Rule 23 and, therefore, satisfy 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc) and 15 U.S.C. §77z-1(a)(3)(B)(iii)(I)(cc). In addition, because Mr. Arredondo has sustained the largest amount of losses from Defendants' alleged wrongdoing, he is the presumptive lead plaintiff and should be appointed as such to lead the Action.

**B. Approving Lead Plaintiff's Choice of Counsel Is Appropriate.**

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); 15 U.S.C. § 77z-1(a)(3)(B)(v); *In re Cendant Corp.*, 264 F.3d 201, 274 (3d Cir. 2001). Thus, the Court should not disturb the lead plaintiff's choice of counsel unless necessary to "protect the interests of the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa); 15 U.S.C. §77z- 1(a)(3)(B)(iii)(II)(aa).

Here, Mr. Arredondo has selected Levi & Korsinsky to pursue this litigation on his behalf and retained the firm as the Class's Lead Counsel in the event he is appointed as lead plaintiff. The members of Levi & Korsinsky have extensive experience in successfully prosecuting complex securities class actions such as this one and are well-qualified to represent the Class. *See* Hopkins

Decl. Ex. D (Levi & Korsinsky's firm resume). Thus, the Court may rest assured that by granting Mr. Arredondo's motion, the Class will receive the highest caliber of legal representation possible.

## IV. CONCLUSION

For the foregoing reasons, Mr. Arredondo respectfully requests the Court grant his Motion and enter an Order: (1) appointing Mr. Arredondo as lead plaintiff, (2) approving his selection of Levi & Korsinsky as Lead Counsel for the Class, and (3) granting such other relief as the Court may deem just and proper.

***[Signature on Following Page]***

Dated: October 19, 2020

Respectfully Submitted,

**LEVI & KORSINSKY, LLP**

By: /s/ *Shannon L. Hopkins*
Shannon L. Hopkins (SH-1887)
1111 Summer Street, Suite 403
Stamford, Connecticut 06905
Tel. (203) 992-4523
Fax: (212) 363-7500
Email: shopkins@zlk.com