# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEVEN BURNHAM, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> QUTOUTIAO INC., ERIC SILIANG TAN, LEI LI, JINGBO WANG, XIAOLU ZHU, SHAOQING JIANG, JIANFEI DONG, OLIVER YUCHENG CHEN, CITIGROUP GLOBAL MARKETS INC., DEUTSCHE BANK SECURITIES INC., CHINA MERCHANTS SECURITIES (HK) CO., LTD., UBS SECURITIES LLC, and KEYBANC CAPITAL MARKETS INC., <br><br> Defendants. | Case No. 1:20-cv-06707 <br><br> Honorable Sidney H. Stein |
| HOWARD BROWN, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> QUTOUTIAO INC., ERIC SILIANG TAN, LEI LI, JINGBO WANG, XIAOLU ZHU, SHAOQING JIANG, JIANFEI DONG, and OLIVER YUCHENG CHEN, <br><br> Defendants. | Case No. 1:20-cv-07717 |

**JAMES PAPPAS'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL**

## I.     PRELIMINARY STATEMENT

Currently pending before this Court are two securities class action lawsuits (the "Related Actions") alleging Defendants violated §§ 11 and 15 of the Securities Act of 1933 (the "Securities Act") and §§10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder by the United States Securities Exchange Commission ("SEC").[1] Pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), the Court must decide whether to consolidate the Related Action before selecting a movant to lead this litigation on behalf of the putative class. *See* 15 U.S.C. § 78u-4(a)(3)(B)(ii). As discussed below, consolidation is appropriate under Rule 42 because the Related Actions involve common legal and factual questions.

After deciding consolidation, the Court must appoint as lead plaintiff the class member it "determines to be most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i)-(B)(iii). Guiding that determination, the PSLRA creates a presumption that the most adequate plaintiff is the person that "has the largest financial interest" and who "otherwise satisfies the requirements of Rule 23 . . ." *Id.*

Movant James Pappas ("Movant") believes he has the largest financial interest in the outcome of this litigation because, during the Class Period, he lost approximately $800,936.73 due

---

[1] The Related Actions are: (1) *Burnham v. Qutoutiao, Inc. et al.*, No. 1:20-cv-06707, filed on August 20, 2020, on behalf of persons and entities (the "Class") that: (a) purchased or otherwise acquired Qutoutiao shares pursuant and/or traceable to the Company's IPO and/or (b) purchased or otherwise acquired Qutoutiao securities between September 14, 2018 and July 15, 2020, both dates inclusive (the "Class Period"); and (2) *Brown v. Qutoutiao, Inc. et al.*, No. 1:20-cv-07717, filed on September 18, 2020, on behalf of persons and entities that: (a) purchased or otherwise acquired Qutoutiao shares pursuant and/or traceable to the Company's IPO and/or (b) purchased or otherwise acquired Qutoutiao securities between September 14, 2018 and July 15, 2020, both dates inclusive. For the purposes of this motion, references to ¶ are to the Class Action Complaint for Violations of the Federal Securities Laws filed in *Burnham v. Qutoutiao, Inc. et al.*, No. 1:20-cv-06707, Dkt. No. 1.

to the alleged fraud. *See* Declaration of Constantine Economides ("Economides Decl."), Exs. A-B. Moreover, Movant satisfies the Rule 23 requirements because his claims are typical of the Class's claims, and he will fairly and adequately represent the Class's interests. *See id.* at Ex. C. In addition, Movant's selection of Roche Cyrulnik Freedman, LLP ("RCF") to serve as lead counsel should be approved because the Firm possesses extensive experience and expertise in securities fraud and other class actions. *See id.* at Ex. D. Accordingly, Movant respectfully requests that the Court: (1) consolidate the Related Actions; (2) appoint Movant as Lead Plaintiff; and (3) approve RCF as Lead Counsel.

## II.    STATEMENT OF ISSUES TO BE DECIDED

1.    Whether the Related Actions should be consolidated pursuant to Fed. R. Civ. P. 42(a);

2.    Whether the Court should appoint Movant as Lead Plaintiff pursuant to 15 U.S.C. 78u-4(a)(3)(B); and

3.    Whether the Court should approve Movant's selection of RCF as Lead Counsel for the proposed class pursuant to 15 U.S.C. 78u-4(a)(3)(B)(v).

## III.    FACTUAL BACKGROUND

Qutoutiao (which means "fun headlines" in Chinese) offers a mobile application of the same name that aggregates articles and short videos from professional media and freelancers and presents customized feeds to users. ¶ 33. On September 14, 2018, Qutoutiao completed its initial public offering ("IPO"), selling 13.8 million American Depository Shares ("ADSs") at a price of $7.00 per share. ¶ 35. Qutoutiao received net proceeds of approximately $85.8 million from the IPO. *Id*. On the same day—the first day of the Class Period—the Company's ADSs began trading on the NASDAQ exchange pursuant to the Registration Statement. ¶ 43.

The Registration Statement was materially false and/or misleading statements or failed to disclose that: (1) Qutoutiao replaced its advertising agent with a related party, thereby bypassing third-party oversight of the content and quality of its advertisements; (2) Qutoutiao placed on its mobile app product advertisements making claims that could not be substantiated and thus were considered false advertisements under applicable regulations; (3) as a result, Qutoutiao would face increasing regulatory scrutiny and reputational harm; (4) as a result, Qutoutiao's advertising revenue was reasonably likely to decline; and (5) as a result of the foregoing, Defendants' positive statements about Qutoutiao's business, operations, and prospects were materially misleading and/or lacked a reasonable basis. ¶ 42.

On December 10, 2019, Wolfpack Research published a report alleging, among other things, that Qutoutiao had overstated its revenues by recording non-existent advances from advertising customers. ¶ 51. Moreover, the report alleged that Qutoutiao replaced its third-party advertising agent with a related party, thereby bypassing the agent's oversight and allowing Qutoutiao to "perpetrate the unmitigated ad fraud that [Wolfpack] observed in [its] sample." ¶ 52. On this news, Qutoutiao's share price fell nearly 4%. ¶ 53.

Then, on July 15, 2020, hosts of a consumer rights gala stated that Qutoutiao had allowed ads on its platform promoting exaggerated or impossible claims from weight-loss products. ¶ 61. For example, one such ad offered free weight-loss products valued at $14,300 that would help users lose more than 30 pounds a month. *Id.* On this news, Qutoutiao's share price fell 23%. ¶ 62.

Finally, on July 17, 2020, Chinese media reported that Qutoutiao's app had been removed from domestic Android app stores. ¶ 63. Qutoutiao's shares were trading as low as $3.08 per share, a nearly 56% decline from the $7.00 per share IPO price. ¶ 64.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the

market value of the Company's securities, Class members have suffered significant losses and damages. ¶11.

## IV.   ARGUMENT

### A.  The Related Actions should be consolidated.

The Court may consolidate actions if they "involve a common question of law or fact." Fed. R. Civ. P. 42(a). Here, the Related Actions present nearly identical factual and legal issues, allege identical claims in an identical class period, and name nearly identical defendants. *See generally Burnham*, Dkt. No. 1 and *Brown*, Dkt. No. 1. Accordingly, the Related Actions should be consolidated.

### B.  The Court should appoint Movant as Lead Plaintiff.

Within the first 20 days of filing suit, the PSLRA requires the plaintiff in the first filed class action to publish a notice in a widely circulated national business publication or wire service that advises potential class members the action is pending and that they have a right to move for lead plaintiff in 60 days. 15 U.S.C. §78u-4(a)(3)(A).

The Court must consider any motion seeking appointment as lead plaintiff within 90 days of that notice and must appoint the movant that the court determines to be "most capable of adequately representing the interests of class members." *See* 15 U.S.C. §78u-4(a)(3)(B)(i).

The PSLRA provides a presumption that the most "adequate plaintiff" to serve as lead plaintiff is the "person or group of persons" that:

> (aa)   has either filed the complaint or made a motion in response to a notice;
>
> (bb)   in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc)   otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii)(I). The presumption may be rebutted only upon proof by a Class member that the presumptive most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II).

As set forth below, Movant has complied with the procedural prerequisites of the PSLRA and possesses, to the best of his knowledge, the largest financial interest in the litigation of any other class member seeking appointment as lead plaintiff. Movant is also unaware of any unique defenses that Defendants could raise against him. Thus, Movant is entitled to the presumption that he is the most adequate plaintiff to represent the Class. He also satisfies the typicality and adequacy requirements of Rule 23, and, as a result, should be appointed lead plaintiff in the Action.

### i.   Movant filed a timely motion.

Within 20 days of the first-filed *Burnham* complaint (*i.e.* on September 9, 2020), Plaintiff Steven Burnham published the required notice through *Globe Newswire*, a widely circulated national business-oriented wire service. 15 U.S.C. §78u-4(a)(3)(A)(i). *See* Economides Decl., Ex. E. Movant timely filed his motion within the next 60 days, *i.e.,* by October 19, 2020. 15 U.S.C. §78u-4(a)(3)(A)(i).

### ii.   Movant has the largest financial interest in the relief sought by the Class.

As discussed above, the movant with the largest financial interest in this Action, and who meets Rule 23's adequacy and typicality requirements, is presumptively the lead plaintiff. *Hom v. Vale, S.A.*, No. 1:15-cv-9539-GHW, 2016 WL 880201, at *2 (S.D.N.Y. Mar. 7, 2016). As demonstrated herein, Movant has the largest financial interest in the relief sought by the Class and should therefore be appointed lead plaintiff. *See* Economides Decl., Exs. A-B.

In assessing the largest financial interest, the Court generally considers: "(1) the number of shares purchased; (2) the number of net shares purchased; (3) total net funds expended by the plaintiffs during the class period; and (4) the approximate losses suffered by the plaintiffs." *Hom*, 2016 WL 880201, at *3 (quoting *In re CMED Sec. Litig.,* No. 11-cv-9297 (KBF), 2012 WL 1118302, at *3 (S.D.N.Y. Apr. 2, 2012) (internal citations omitted)).[2] The approximate losses suffered is considered the most important factor. *Id.*

During the Class Period, Movant: (1) purchased 96,436 Qutoutiao shares; (2) retained 90,036 net shares; (3) expended $1,099,762.01 net funds; and (4) as a result of Defendants' materially false and misleading statements, suffered substantial losses of approximately $800,936.73. Movant, therefore, has a significant financial interest in the outcome of this case. To Movant's knowledge, moreover, there are no other applicants who have sought, or are seeking, appointment as lead plaintiff that have a larger financial interest and that also satisfy Rule 23.

### iii.   Movant satisfies the Rule 23 requirements of typicality and adequacy.

In addition to demonstrating the largest loss, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii). Rule 23(a) requires the following four requirements be satisfied:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative party are

---

[2] "The PSLRA does not specify a method for calculating which plaintiff has the 'largest financial interest,' and neither the Supreme Court nor the Second Circuit has provided instruction on the appropriate method." *Hom*, 2016 WL 880201, at *3 (quoting *Elstein v. Net1 UEPS Techs., Inc.,* No. 13-cv-9100 (ER), 2014 WL 3687277, at *6 (S.D.N.Y. July 23, 2014)). Damages are calculated based on (i) the difference between the purchase price paid for the shares and the average trading price of the shares during the 90-day period beginning on the date the information correcting the misstatement was disseminated, *or* (ii) the difference between the purchase price paid for the shares and the average trading price of the shares between the date when the misstatement was corrected and the date on which the plaintiff sold their shares, if they sold their shares before the end of the 90-day period. 15 U.S.C. §78u-4(e).

> typical of the claims or defenses of the class; and (4) the representative party will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). In a PSLRA case, at this stage of the litigation, "the moving plaintiff must only make a preliminary showing that the adequacy and typicality requirements have been met." *Hom*, 2016 WL 880201, at \*6 (quoting *Blackmoss Investments, Inc. v. ACA Capital Holdings, Inc.,* 252 F.R.D. 188, 191 (S.D.N.Y. 2008)). As detailed below, Movant satisfies both the typicality and adequacy requirements.

### (a) Movant's claims are typical of the claims of the Class.

Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical of those of the class. The typicality requirement is satisfied "where the claims arise from the same conduct from which the other class members' claims and injuries arise." *Hom*, 2016 WL 880201, at \*6 (quoting *Goldstein v. Puda Coal, Inc.,* 827 F. Supp. 2d 348, 354 (S.D.N.Y. 2011) (internal citations omitted)).

Movant's claims are typical of, if not identical to, the claims of other members of the putative Class. *See id*. Movant, like the other members of the Class, acquired Qutoutiao securities during the Class Period at prices artificially inflated by Defendants' materially false and misleading statements and was damaged thereby when the truth was revealed. Movant suffered losses similar to those of other Class members, and his losses resulted from Defendants' common course of wrongful conduct. Accordingly, Movant satisfies the typicality requirement.

### (b) Movant is an adequate representative for the Class.

Under Rule 23(a)(4), representative parties must "fairly and adequately protect the interests of the class." The requirement is satisfied if "(1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has sufficient interest in the

outcome of the case to ensure vigorous advocacy." *Hom*, 2016 WL 880201, at *6 (quoting *Foley v. Transocean Ltd.,* 272 F.R.D. 126, 131 (S.D.N.Y. 2011)).

Movant has met the requirements under Rule 23(a)(4) to fairly and adequately protect the interest of the putative class. *See* Economides Decl., Exes. A-D. Specifically, Movant has retained counsel who, as shown below, is experienced in litigating lawsuits such as the Action; has demonstrated, *supra*, his significant interest in the outcome of the case; and has no reason to believe that his interests are adverse to those of the putative class members. Therefore, Movant is an adequate representative for the Class. *See Hom*, 2016 WL 880201, at *6.

Accordingly, at this stage of the proceedings, Movant has met all requirements for appointment as lead plaintiff. He has timely filed his motion, has sustained the largest amount of losses from Defendants' alleged wrongdoing, and has made the preliminary showing necessary to satisfy the typicality and adequacy requirements of Rule 23. Thus, Movant is entitled to a presumption that he is the most adequate plaintiff and, as such, should be appointed to lead this Action. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)-(II).

### C.  Movant's choice of counsel should be approved.

Pursuant to 15 U.S.C. §78u-4(a)(3)(B)(v), the PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the Court's approval. "Although the Court maintains discretion in appointing lead counsel to protect the interests of the class, the statute evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention." *Hom*, 2016 WL 880201, at *7 (quoting *Atwood v. Intercept Pharm., Inc.,* 299 F.R.D. 414, 417 (S.D.N.Y. 2014)); *see e.g. Casper v. Song Jinan*, No. 12-cv-4202 (NRB), 2012 WL 3865267, at *3 (S.D.N.Y. Sept. 6, 2012).

The record confirms that Movant's selection of counsel should be approved; RCF is

qualified, experienced, and capable of effectively prosecuting this Action on behalf of Movant and the Class. *See* Economides Decl., Exes. C-D.

RCF was recently appointed, and is serving as, Lead Counsel in another securities class action in this district, *Garcia v. J2 Global, Inc. et al.*, No. 2:20-cv-06096 (C.D. Cal.). RCF has also been appointed, and is serving, as Co-Lead Counsel in the following securities class action cases: *Lowry v. RTI Surgical Holdings, Inc. et al.,* No. 1:20-cv-01939 (N.D. Ill.); *Hartel v. Geo Group, Inc. et al.,* No. 9:20-cv-81063 (S.D. Fla.); *Clifford et al. v. Tron Found. et al.,* No. 1:20-cv-02804 (S.D.N.Y.); *Clifford v. Bibox et al.,* No. 1:20-cv-02807 (SDNY); *Zhang v. Civic Techs., Inc. et al.,* No. 1:20-cv-02811 (S.D.N.Y.); *Clifford v. Status Research and Development GmbH et al.,* No. 1:20-cv-02815 (S.D.N.Y.); *Williams et al. v. HDR Global Trading Ltd et al.,* No. 1:20-cv-02805 (S.D.N.Y.); *Clifford v. KayDex Pte. Ltd. et al.* No. 1:20-cv-02812 (SDNY); *Zhang v. BProtocol Found., et al.,* No. 1:20-cv-02810 (S.D.N.Y.); *Lee et al. v. Binance et al.*, No. 1:20-cv-02803 (S.D.N.Y.); *Williams v. Quantstamp, Inc. et al.*, No. 1:20-cv-02813 (S.D.N.Y.); and *Williams v. KuCoin et al.*, No. 1:20-cv-02806 (S.D.N.Y.). Additionally, RCF has been appointed, and is serving, as Co-Lead Counsel in *Leibowitz v. Ifinex Inc.*, No. 1:19-cv-09236-KPF (S.D.N.Y.), an antitrust, market manipulation, and RICO class action.

Moreover, RCF's attorneys have decades of experience in complex litigation, including securities litigation and class actions on behalf of plaintiffs and defendants. *See* Economides Decl., Ex. D. The firm's attorneys have previously been appointed as co-lead counsel in securities class actions, including *Kipling v. Flex Ltd., et al.*, No. 18-CV-02706-LHK, Dkt. No. 21 (N.D. Cal.), and consumer class actions, including *In re Google Plus Profile Litigation*, No. 5:18-cv-06164-EJD (N.D. Cal.), Dkt. No. 44, and *In re First American Financial Corporation Cases*, No. 8:19-cv-01105, Dkt. No. 34 (C.D. Cal.). *See id*. In addition, the firm's attorneys have clerked for federal

judges sitting in the Southern District of New York, Eastern District of New York, Eastern District

of Pennsylvania, Eastern District of Louisiana, Southern District of Florida, Second Circuit, Fourth

Circuit, Fifth Circuit, Ninth Circuit, and United States Supreme Court. *See id.* Movant respectfully

submits that this wealth of experience and qualifications demonstrates RCF's ability to provide

the highest caliber of representation to the Class.

## V.      CONCLUSION

For the foregoing reasons, Movant respectfully requests that the Court: (1) consolidate the

Related Actions; (2) appoint Movant as Lead Plaintiff; (3) approve Movant's selection of RCF as

Lead Counsel for the putative class; and (4) grant such other relief as the Court may deem just and

proper.

DATED: October 19, 2020                    Respectfully Submitted,

                                           **ROCHE CYRULNIK FREEDMAN LLP**

                                           */s/ Constantine P. Economides*
                                           Constantine P. Economides
                                           Velvel (Devin) Freedman (*pro hac forthcoming*)
                                           Ivy T. Ngo (*pro hac forthcoming*)
                                           200 South Biscayne Boulevard
                                           Miami, Florida 33131
                                           Telephone: (305) 971-5943
                                           Email: ceconomides@rcfllp.com
                                           Email: vel@rcfllp.com
                                           Email: ingo@rcfllp.com

                                           Kyle Roche
                                           Jason Cyrulnik
                                           99 Park Avenue, 19th Floor
                                           New York, NY 10016
                                           Telephone: (646) 350-0527
                                           Email: kyle@rcfllp.com
                                           Email: jcyrulnik@rcfllp.com

                                           *Counsel for Lead Plaintiff Movant James Pappas and*
                                           *Proposed Lead Counsel for the Class*

**THE SCHALL LAW FIRM**
Brian Schall (*pro hac forthcoming*)
1880 Century Park East, Suite 404
Los Angeles, CA 90067
Telephone: (424) 303-1964
Email: brian@schallfirm.com

*Additional Counsel for Lead Plaintiff Movant James Pappas*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify under penalty of perjury that on October 19, 2020, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel of record.

*/s/ Constantine P. Economides*
Constantine P. Economides
