UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEVEN BURNHAM, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>QUTOUTIAO INC., ERIC SILIANG TAN, LEI LI, JINGBO WANG, XIAOLU ZHU, SHAOQING JIANG, JIANFEI DONG, OLIVER YUCHENG CHEN, CITIGROUP GLOBAL MARKETS INC., DEUTSCHE BANK SECURITIES INC., CHINA MERCHANTS SECURITIES (HK) CO., LTD., UBS SECURITIES LLC, and KEYBANC CAPITAL MARKETS INC.,<br><br>Defendants. | Case No.  1:20-cv-06707-SHS<br><br>MEMORANDUM OF LAW IN SUPPORT OF MOTION OF SUSAN NGUYEN FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD COUNSEL |
| HOWARD BROWN, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>QUTOUTIAO INC., ERIC SILIANG TAN, LEI LI, JINGBO WANG, XIAOLU ZHU, SHAOQING JIANG, JIANFEI DONG, and OLIVER YUCHENG CHEN,<br><br>Defendants. | Case No.  1:20-cv-07717-SHS |

## **TABLE OF CONTENTS**

Page(s)

PRELIMINARY STATEMENT ...............................................................................................................1

STATEMENT OF FACTS ........................................................................................................................3

ARGUMENT................................................................................................................................................5

        A.      THE RELATED ACTIONS SHOULD BE CONSOLIDATED FOR ALL PURPOSES................................................................................................................5

        B.      NGUYEN SHOULD BE APPOINTED LEAD PLAINTIFF ................................6

                1.      Nguyen Is Willing to Serve as a Class Representative ...............................7

                2.      Nguyen Has the "Largest Financial Interest" ...............................................8

                3.      Nguyen Otherwise Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure ...................................................................9

                4.      Nguyen Will Fairly and Adequately Represent the Interests of the Class and Is Not Subject to Unique Defenses.............................................11

        C.      LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED ........................................................................................................12

CONCLUSION..........................................................................................................................................13

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Bassin v. Decode Genetics, Inc.*,
    230 F.R.D. 313 (S.D.N.Y. 2005) ..................................................................................................6

*Bishop v. N.Y. City Dep't of Hous. Pres. & Dev.*,
    141 F.R.D. 229 (S.D.N.Y. 1992) ................................................................................................10

*Blackmoss Invs., Inc. v. ACA Capital Holdings, Inc.*,
    252 F.R.D. 188 (S.D.N.Y. 2008) ..................................................................................................5

*Chahal v. Credit Suisse Grp. AG*,
    No. 18-CV-2268 (AT) (SN), 2018 WL 3093965 (S.D.N.Y. June 21, 2018).............................8

*Dookeran v. Xunlei Ltd.*,
    No. 18-cv-467 (RJS), 2018 WL 1779348 (S.D.N.Y. Apr. 12, 2018) .......................................11

*Fischler v. AMSouth Bancorporation*,
    No. 96-1567-Civ-T-17A, 1997 WL 118429 (M.D. Fla. Feb. 6, 1997).......................................9

*Foley v. Transocean Ltd.*,
    272 F.R.D. 126 (S.D.N.Y. 2011) ................................................................................................11

*Gluck v. CellStar Corp.*,
    976 F. Supp. 542 (N.D. Tex. 1997) .............................................................................................9

*Greebel v. FTP Software*,
    939 F. Supp. 57 (D. Mass. 1996) .................................................................................................9

*In re Comverse Tech., Inc. Sec. Litig.*,
    No. 06-CV-1825 (NGG) (RER), 2007 WL 680779 (E.D.N.Y. Mar. 2, 2007) ....................8, 12

*In re Drexel Burnham Lambert Grp., Inc.*,
    960 F.2d 285 (2d Cir. 1992).......................................................................................................10

*In re GE Sec. Litig.*,
    No. 09 Civ. 1951 (DC), 2009 WL 2259502 (S.D.N.Y. July 29, 2009) .................................5, 6

*In re Molson Coors Brewing Co. Sec. Litig.*,
    233 F.R.D. 147 (D. Del. 2005) ...................................................................................................12

*In re Olsten Corp. Sec. Litig.*,
    3 F. Supp. 2d 286 (E.D.N.Y. 1998) .........................................................................................8, 9

*In re Orion Sec. Litig.*,
   No. 08 Civ. 1328 (RJS), 2008 WL 2811358 (S.D.N.Y. July 7, 2008) ...................................10

*In re Oxford Health Plans, Inc. Sec. Litig.*,
   182 F.R.D. 42 (S.D.N.Y. 1998) ..........................................................................................9

*In re Tronox, Inc. Sec. Litig.*,
   262 F.R.D. 338 (S.D.N.Y. 2009) .....................................................................................5, 8

*Janbay v. Canadian Solar, Inc.*,
   272 F.R.D. 113 (S.D.N.Y. 2010) .......................................................................................10

*Johnson v. Celotex Corp.*,
   899 F.2d 1281 (2d Cir. 1990).............................................................................................5

*Kaplan v. S.A.C. Capital Advisors, L.P.*,
   311 F.R.D. 373 (S.D.N.Y. 2015) .......................................................................................12

*Lax v. First Merchants Acceptance Corp.*,
   No. 97 C 2715, 1997 WL 461036 (N.D. Ill. Aug. 6, 1997)................................................8

*Malcolm v. Nat'l Gypsum Co.*,
   995 F.2d 346 (2d Cir. 1993)...............................................................................................5

*Nurlybaev v. ZTO Express (Cayman) Inc.*,
   No. 17-CV-06130 (LTS) (SN), 2017 WL 5256769 (S.D.N.Y. Nov. 13, 2017) .................8

*Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. LaBranche & Co.*,
   229 F.R.D. 395 (S.D.N.Y. 2004) .........................................................................................8

*Varghese v. China Shenghuo Pharm. Holdings, Inc.*,
   589 F. Supp. 2d 388 (S.D.N.Y. 2008)................................................................................12

**Statutes**

15 U.S.C. § 77z-1(a)(3)..............................................................................................1, 2, 6, 12

15 U.S.C. § 78u-4(a)(3)(B) ................................................................................1, 2, 6, 7, 8, 9, 11

**Rules**

Fed. R. Civ. P. 23 ............................................................................................................2, 6, 7, 9, 10

Fed. R. Civ. P 42 ...........................................................................................................................1, 2, 5

Movant Susan Nguyen ("Nguyen") respectfully submits this Memorandum of Law in support of her motion, pursuant to Section 27(a)(3) of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. § 77z-1(a)(3), and Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), and Federal Rule of Civil Procedure 42 ("Rule 42"), for the entry of an Order: (1) consolidating the above-captioned related actions (the "Related Actions"); (2) appointing Nguyen as Lead Plaintiff on behalf of persons and entities that (a) purchased or otherwise acquired Qutoutiao Inc. ("Qutoutiao" or the "Company") American Depositary Shares ("ADSs") pursuant and/or traceable to the registration statement and prospectus (collectively, the "Registration Statement") issued in connection with the Company's September 2018 initial public offering ("IPO" or the "Offering"), and/or (b) purchased or otherwise acquired Qutoutiao securities between September 14, 2018 and July 15, 2020, inclusive (the "Class Period"); and (3) approving proposed Lead Plaintiff's selection of Pomerantz LLP ("Pomerantz") as Lead Counsel for the Class.

## PRELIMINARY STATEMENT

The Complaints in the Related Actions allege that Qutoutiao and certain of its officers and directors disseminated a materially false or misleading registration statement to investors in connection with the Company's IPO in violation of the Securities Act, as well as defrauded investors in violation of the Exchange Act. Qutoutiao investors, including Nguyen, incurred significant losses following the disclosure of the alleged wrongful conduct, which caused the prices of Qutoutiao ADSs and other Qutoutiao securities to fall sharply, damaging Nguyen and other Qutoutiao investors.

1

Consolidation is appropriate under Rule 42(a) where actions involve common questions of law or fact. Here, the Related Actions are both putative class actions alleging violations of the federal securities laws by an overlapping group of defendants arising from the same alleged wrongful misconduct. As such, the Related Actions involve common questions of both law ***and*** fact, and consolidation is plainly warranted.

Pursuant to the PSLRA, the Court is to appoint as Lead Plaintiff the movant or group of movants that possesses the largest financial interest in the outcome of the action and that satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). 15 U.S.C. §§ 77z-1(a)(3)(B)(iii)(I), 78u-4(a)(3)(B)(iii)(I). Nguyen incurred losses of approximately $41,400 in connection with her purchases of Qutoutiao ADSs pursuant and/or traceable to the Registration Statement issued in connection with the Company's IPO, and/or incurred losses of approximately $41,552 in connection with her purchases of Qutoutiao securities during the Class Period. *See* Declaration of Jeremy A. Lieberman in Support of Motion ("Lieberman Decl."), Ex. A. Accordingly, Nguyen believes that she has the largest financial interest in the relief sought in the Related Actions.

Beyond her considerable financial interest, Nguyen also meets the applicable requirements of Rule 23 because her claims are typical of absent Class members and because she will fairly and adequately represent the interests of the Class.

To fulfill her obligations as Lead Plaintiff and vigorously prosecute the Related Actions on behalf of the Class, Nguyen has selected Pomerantz as Lead Counsel for the Class. Pomerantz is highly experienced in the area of securities litigation and class actions, and has successfully prosecuted numerous securities class actions on behalf of investors, as detailed in the firm's resume.

Accordingly, Nguyen respectfully requests that the Court enter an order consolidating the Related Actions, appointing Nguyen as Lead Plaintiff for the Class, and approving Nguyen's selection of Pomerantz as Lead Counsel for the Class.

**STATEMENT OF FACTS**

As alleged in the Complaint in the first-filed of the Related Actions, Qutoutiao offers a mobile application called Qutoutiao (which means "fun headlines" in Chinese) that aggregates articles and short videos from professional media and freelancers and presents customized feeds to users.

On September 14, 2018, the Company filed its prospectus on Form 424B4 with the United States Securities and Exchange Commission, which forms part of the Registration Statement.  In the IPO, the Company sold 13.8 million ADSs at a price of $7.00 per share.  The Company received proceeds of approximately $85.8 million from the Offering, net of underwriting discounts and commissions.  The proceeds from the IPO were purportedly to be used for expanding and enhancing the Company's content offerings, for product development and technology infrastructure, and for general corporate purposes, including marketing and promotion of its products and branding and potential acquisitions and investments.

On December 10, 2019, Wolfpack Research published a report, alleging, among other things, that the Company had overstated its revenues by recording non-existent advances from advertising customers.  Moreover, the report alleged that Qutoutiao replaced its third-party advertising agent with a related party, thereby bypassing the agent's oversight and allowing the Company to "perpetrate the unmitigated ad fraud that [Wolfpack] observed in [its] sample."

On this news, the Company's share price fell $0.12 per share, or approximately 4%, to close at $2.86 per share on December 11, 2019.

On July 15, 2020, hosts of a consumer rights gala stated that Qutoutiao had allowed ads on its platform promoting exaggerated or impossible claims from weight-loss products. For example, one such ad offered free weight-loss products valued at $14,300 that would help users lose more than 30 pounds a month.

On this news, the Company's share price fell $0.85 per share, or approximately 23%, to close at $2.84 per share on July 16, 2020.

On July 17, 2020, Chinese media reported that Qutoutiao's app had been removed from domestic Android app stores.

By the commencement of this action, Qutoutiao's shares were trading as low as $3.08 per share, a nearly 56% decline from the $7.00 per share IPO price.

In the Registration Statement and throughout the Class Period, the above-captioned defendants ("Defendants") made materially false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations, and prospects. Specifically, Defendants failed to disclose to investors: (1) that Qutoutiao replaced its advertising agent with a related party, thereby bypassing third-party oversight of the content and quality of the advertisements; (2) that the Company placed advertisements on its mobile app for products whose claims could not be substantiated and thus were considered false advertisements under applicable regulations; (3) that, as a result, the Company would face increasing regulatory scrutiny and reputational harm; (4) that, as a result, the Company's advertising revenue was reasonably likely to decline; and (5) that, as a result of the foregoing, Defendants' positive statements about the Company's business, operations, and prospects, were materially misleading and/or lacked a reasonable basis.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, the plaintiffs in the Related Actions and other Class members have suffered significant losses and damages.

## ARGUMENT

**A.   THE RELATED ACTIONS SHOULD BE CONSOLIDATED FOR ALL PURPOSES**

Consolidation of related cases is appropriate where, as here, the actions involve common questions of law and fact, and therefore consolidation would avoid unnecessary cost, delay, and overlap in adjudication: "If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a); *see also Manual for Complex Litigation (Third)* § 20.123 (1995).

Consolidation is appropriate when the actions before the court involve common questions of law *or* fact. *See* Fed. R. Civ. P. 42(a); *Malcolm v. Nat'l Gypsum Co.*, 995 F.2d 346, 350 (2d Cir. 1993) (citing *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990)); *In re Tronox, Inc. Sec. Litig.*, 262 F.R.D. 338, 344 (S.D.N.Y. 2009) (consolidating securities class actions); *Blackmoss Invs., Inc. v. ACA Capital Holdings, Inc.*, 252 F.R.D. 188, 190 (S.D.N.Y. 2008) (same). Differences in causes of action, defendants, or the class period do not render consolidation inappropriate if the cases present sufficiently common questions of fact and law, and the differences do not outweigh the interest of judicial economy served by consolidation. *See In re GE Sec. Litig.*, No. 09 Civ. 1951 (DC), 2009 WL 2259502, at *1-*3 (S.D.N.Y. July 29, 2009) (consolidating actions asserting different claims against different defendants over different class periods).

5

The Related Actions at issue here clearly involve common questions of law *and* fact. Each action was brought against the Company, as well as certain officers and directors of the Company, in connection with violations of the federal securities laws. Accordingly, the Related Actions allege substantially the same wrongdoing—namely, that Defendants issued materially false and misleading statements and omissions that artificially inflated the price of the Company's securities and subsequently damaged the Class when the Company's share price crashed as the truth emerged. Consolidation of the Related Actions is therefore appropriate. *See Bassin v. Decode Genetics, Inc.*, 230 F.R.D. 313, 315 (S.D.N.Y. 2005) (consolidation of securities class actions is particularly appropriate in the context of securities class actions where the complaints are based on the same statements and the defendants will not be prejudiced); *In re GE*, 2009 WL 2259502, at *2 ("Consolidation promotes judicial convenience and avoids unnecessary costs to the parties.").

### B. NGUYEN SHOULD BE APPOINTED LEAD PLAINTIFF

Nguyen should be appointed Lead Plaintiff because she has the largest financial interest in the Related Actions and otherwise meets the requirements of Rule 23. Sections 27(a)(3)(B) and 21D(a)(3)(B) of the PSLRA set forth procedures for the selection of lead plaintiffs in class actions brought under the Securities Act and Exchange Act, respectively. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of the class action by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate. *See* 15 U.S.C. §§ 77z-1(a)(3)(B)(i)-(ii), 78u-4(a)(3)(B)(i)-(ii).

Further, under 15 U.S.C. §§ 77z-1(a)(3)(B)(iii)(I) and 78u-4(a)(3)(B)(iii)(I), the Court is directed to consider all motions by plaintiffs or purported class members to appoint lead plaintiff filed in response to any such notice. Under this section, the Court "shall" appoint "the

presumptively most adequate plaintiff" to serve as lead plaintiff and shall presume that plaintiff is the person or group of persons, that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §§ 77z-1(a)(3)(B)(iii)(I), 78u-4(a)(3)(B)(iii)(I).

As set forth below, Nguyen satisfies all three of these criteria and thus is entitled to the presumption that she is the most adequate plaintiff of the Class and, therefore, should be appointed Lead Plaintiff for the Class.

### 1.     Nguyen Is Willing to Serve as a Class Representative

On August 20, 2020, counsel for plaintiff in the first-filed of the Related Actions caused a notice to be published over *Business Wire* pursuant to Sections 27(a)(3)(A)(i) and 21D(a)(3)(A)(i) of the PSLRA (the "Notice"), which announced that a securities class action had been filed against Defendants, and advised investors in Qutoutiao securities that they had 60 days from the date of the Notice—*i.e.*, until October 19, 2020—to file a motion to be appointed as Lead Plaintiff.  *See* Lieberman Decl., Ex. B.

Nguyen has filed the instant motion pursuant to the Notice and has submitted a sworn Certification attesting that she is willing to serve as representative for the Class, and provide testimony at deposition and trial, if necessary.  *See* Lieberman Decl., Ex. C.  Accordingly, Nguyen satisfies the first requirement to serve as Lead Plaintiff of the Class.

### 2. Nguyen Has the "Largest Financial Interest"

The PSLRA requires a court to adopt a presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. §§ 77z-1(a)(3)(B)(iii), 78u-4(a)(3)(B)(iii). To the best of her knowledge, Nguyen has the largest financial interest of any Qutoutiao investor or investor group seeking to serve as Lead Plaintiff. For claims arising under federal securities laws, courts frequently assess financial interest based upon the four factors articulated in the seminal case *Lax v. First Merchants Acceptance Corp.*: (1) the number of shares purchased; (2) the number of net shares purchased; (3) the total net funds expended; and (4) the approximate losses suffered. No. 97 C 2715, 1997 WL 461036, at *5 (N.D. Ill. Aug. 6, 1997). In accord with other courts nationwide,[1] these *Lax* factors have been adopted and routinely applied by courts in this judicial district. *See, e.g.*, *Chahal v. Credit Suisse Grp. AG*, No. 18-CV-2268 (AT) (SN), 2018 WL 3093965, at *4 (S.D.N.Y. June 21, 2018); *Nurlybaev v. ZTO Express (Cayman) Inc.*, No. 17-CV-06130 (LTS) (SN), 2017 WL 5256769, at *1 (S.D.N.Y. Nov. 13, 2017); *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. LaBranche & Co.*, 229 F.R.D. 395, 404-05 (S.D.N.Y. 2004).

Pursuant and/or traceable to the Registration Statement issued in connection with the Company's IPO and/or during the Class Period, Nguyen: (1) purchased 5,000 shares of Qutoutiao securities; (2) expended $54,050 on her purchases of Qutoutiao securities; (3) retained all shares of her Qutoutiao securities; and (4) as a result of the disclosures of Defendants' alleged wrongdoing, suffered a loss of $41,400 in connection with her purchases of Qutoutiao ADSs pursuant and/or traceable to the Registration Statement issued in connection with the Company's

---

[1] *See, e.g.*, *In re Cendant Corp. Litig.*, 264 F.3d 201, 262 (3d Cir. 2001); *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998); *accord In re Comverse Tech., Inc. Sec. Litig.*, No. 06-CV-1825 (NGG) (RER), 2007 WL 680779, at *6-8 (E.D.N.Y. Mar. 2, 2007).

IPO, and/or $41,552 in connection with her Class Period purchases of Qutoutiao securities. *See* Lieberman Decl., Ex. A. Because Nguyen possesses the largest financial interest in the outcome of this litigation, she may be presumed to be the "most adequate" plaintiff. 15 U.S.C. §§ 77z-1(a)(3)(B)(iii)(I)(bb), 78u-4(a)(3)(B)(iii)(I)(bb).

### 3. Nguyen Otherwise Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

Sections 27(a)(3)(B)(iii)(I)(cc) and 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provide that, in addition to possessing the largest financial interest in the outcome of the litigation, a Lead Plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

In making its determination that a Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification; instead a *prima facie* showing that the movant satisfies the requirements of Rule 23 is sufficient. *Greebel v. FTP Software*, 939 F. Supp. 57, 60 (D. Mass. 1996). Moreover, "typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998) (citing *Gluck v. CellStar Corp.*, 976 F. Supp. 542, 546 (N.D. Tex. 1997); *Fischler v. AMSouth Bancorporation*, No. 96-1567-Civ-T-17A, 1997 WL 118429, at *2 (M.D. Fla. Feb. 6, 1997)); *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d at 296.

The typicality requirement of Rule 23(a)(3) "is satisfied if 'each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability.'" *In re Orion Sec. Litig.*, No. 08 Civ. 1328 (RJS), 2008 WL 2811358, at *5 (S.D.N.Y. July 7, 2008) (quoting *In re Drexel Burnham Lambert Grp., Inc.*, 960 F.2d 285, 291 (2d Cir. 1992)). "[T]he claims of the class representative need not be identical [to] those of all members of the class. '[T]he typicality requirement may be satisfied even if there are factual dissimilarities or variations between the claims of the named plaintiffs and those of other class members, including distinctions in the qualifications of the class members.'" *Janbay v. Canadian Solar, Inc.*, 272 F.R.D. 113, 120 (S.D.N.Y. 2010) (quoting *Bishop v. N.Y. City Dep't of Hous. Pres. & Dev.*, 141 F.R.D. 229, 238 (S.D.N.Y. 1992)).

The claims of Nguyen are typical of those of the Class. Nguyen alleges, as do all Class members, that Defendants violated federal securities laws by making what they knew or should have known were false or misleading statements of material facts concerning the Company, or omitted to state material facts necessary to make the statements they did make not misleading. Nguyen, as did all members of the Class, purchased Qutoutiao ADSs pursuant and/or traceable to the Registration Statement issued in connection with the Company's IPO and/or Qutoutiao securities during the Class Period at prices artificially inflated by Defendants' misrepresentations or omissions and was damaged upon the disclosure of those misrepresentations and/or omissions. These shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the Class claims, satisfy the typicality requirement of Rule 23(a)(3).

The adequacy of representation requirement of Rule 23(a)(4) is satisfied where "(1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed

lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *Foley v. Transocean Ltd.*, 272 F.R.D. 126, 131 (S.D.N.Y. 2011); *see also Dookeran v. Xunlei Ltd.*, No. 18-cv-467 (RJS), 2018 WL 1779348, at *2 (S.D.N.Y. Apr. 12, 2018) (same).

Nguyen is an adequate representative for the Class. There is no antagonism between the interests of Nguyen and those of the Class, and her losses demonstrate that she has a sufficient interest in the outcome of this litigation. Additionally, Nguyen has retained counsel highly experienced in vigorously and efficiently prosecuting securities class actions such as the Related Actions, and submits her choice to the Court for approval pursuant to 15 U.S.C. §§ 77z-1(a)(3)(B)(v) and 78u-4(a)(3)(B)(v). Further demonstrating her adequacy, Nguyen has submitted a Declaration attesting to, *inter alia*, her background, her investing experience, her understanding of the responsibilities of a lead plaintiff pursuant to the PSLRA, her decision to seek appointment as lead plaintiff, and the steps that she is prepared to take to prosecute this litigation on behalf of the Class. *See* Lieberman Decl., Ex. D.

### 4. Nguyen Will Fairly and Adequately Represent the Interests of the Class and Is Not Subject to Unique Defenses

The presumption in favor of appointing Nguyen as Lead Plaintiff may be rebutted only upon proof "by a member of the purported plaintiff class" that the presumptively most adequate plaintiff:

> (aa) will not fairly and adequately protect the interests of the class; or
>
> (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. §§ 77z-1(a)(3)(B)(iii)(II), 78u-4(a)(3)(B)(iii)(II).

The ability and desire of Nguyen to fairly and adequately represent the Class has been discussed above. Nguyen is not aware of any unique defenses Defendants could raise that would

11

render her inadequate to represent the Class. Accordingly, Nguyen should be appointed Lead Plaintiff for the Class.

### C. LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to Court approval. *See* 15 U.S.C. §§ 77z-1(a)(3)(B)(v), 78u-4(a)(3)(B)(v). The Court should only interfere with lead plaintiff's choice if necessary to "protect the interests of the class." 15 U.S.C. §§ 77z-1(a)(3)(B)(iii)(II)(aa), 78u-4(a)(3)(B)(iii)(II)(aa); *see also Kaplan v. S.A.C. Capital Advisors, L.P.*, 311 F.R.D. 373, 383 (S.D.N.Y. 2015) ("The PSLRA 'evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention.'" (quoting *Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 398 (S.D.N.Y. 2008))); *In re Molson Coors Brewing Co. Sec. Litig.*, 233 F.R.D. 147, 151 (D. Del. 2005).

Here, Nguyen has selected Pomerantz as Lead Counsel for the Class. Pomerantz is highly experienced in the area of securities litigation and class actions, and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in the firm's resume. *See* Lieberman Decl., Ex. E. Pomerantz recently secured a recovery of $3 billion on behalf of investors in the securities of Petróleo Brasileiro S.A. — Petrobras, the largest class action settlement in a decade and the largest settlement ever in a class action involving a foreign issuer. Petrobras is part of a long line of record-setting recoveries led by Pomerantz, including the $225 million settlement in *In re Comverse Technology, Inc. Securities Litigation*, No. 06-CV-1825 (E.D.N.Y.), in June 2010. *See* Lieberman Decl., Ex. E. Most recently, Pomerantz announced as Lead Counsel on behalf of a class of Fiat investors that it has reached a $110 million settlement with the company. *See id.*

12

As a result of Pomerantz's extensive experience in securities litigation and class actions involving issues similar to those raised in the Related Actions, Pomerantz has the skill and knowledge necessary to enable the effective and expeditious prosecution of the Related Actions. Thus, the Court may be assured that by approving the selection of Lead Counsel by Nguyen, the members of the Class will receive the best legal representation available.

## CONCLUSION

For the foregoing reasons, Nguyen respectfully requests that the Court issue an Order: (1) consolidating the Related Actions; (2) appointing Nguyen as Lead Plaintiff for the Class; and (3) approving Pomerantz as Lead Counsel for the Class.

Dated: October 19, 2020

Respectfully submitted,

POMERANTZ LLP

*/s/ Jeremy A. Lieberman*
Jeremy A. Lieberman
J. Alexander Hood II
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
jalieberman@pomlaw.com
ahood@pomlaw.com

POMERANTZ LLP
Patrick V. Dahlstrom
10 South LaSalle Street, Suite 3505
Chicago, Illinois 60603
Telephone: (312) 377-1181
Facsimile: (312) 377-1184
pdahlstrom@pomlaw.com

*Counsel for Lead Plaintiff Movant Susan Nguyen and Proposed Lead Counsel for the Class*