# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEVEN BURNHAM, Individually and On Behalf of All Others Similarly Situated,<br><br>                Plaintiff,<br><br>v.<br><br>QUTOUTIAO INC., ERIC SILIANG TAN, LEI LI, JINGBO WANG, XIAOLU ZHU, SHAOQING JIANG, JIANFEI DONG, OLIVER YUCHENG CHEN, CITIGROUP GLOBAL MARKETS INC., DEUTSCHE BANK SECURITIES INC., CHINA MERCHANTS SECURITIES (HK) CO., LTD., UBS SECURITIES LLC, and KEYBANC CAPITAL MARKETS INC.,<br><br>                Defendants. | Case No. 1:20-cv-06707<br><br>Honorable Sidney H. Stein |
| HOWARD BROWN, Individually and On Behalf of All Others Similarly Situated,<br><br>                Plaintiff,<br><br>v.<br><br>QUTOUTIAO INC., ERIC SILIANG TAN, LEI LI, JINGBO WANG, XIAOLU ZHU, SHAOQING JIANG, JIANFEI DONG, and OLIVER YUCHENG CHEN,<br><br>                Defendants. | Case No. 1:20-cv-07717 |

**MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION OF JAMES PAPPAS FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL AND IN OPPOSITION TO COMPETING MOTIONS**

Movant James Pappas ("Mr. Pappas") respectfully submits this memorandum of law in further support of his motion for consolidation of the related actions, appointment as Lead Plaintiff, and approval of Roche Cyrulnik Freedman LLP ("RCF") as Lead Counsel (Dkt. No. 8), and in opposition to the, now withdrawn, Motions filed by Robert Arredondo ("Mr. Arredondo") (Dkt. No. 5), Steven Burnham ("Mr. Burnham") (Dkt. No. 11), and Susan Nguyen (the "Ms. Nguyen") (Dkt. No. 12).[1]

## I. PRELIMINARY STATEMENT

Mr. Pappas is the presumptive Lead Plaintiff in this Action by virtue of the ***$800,936 loss*** he incurred on his Class Period purchases of Qutoutiao, Inc. ("Qutoutiao" or the "Company") securities and/or the ***$373,497 loss*** he incurred on his Qutoutiao American Depositary Shares purchased pursuant and/or traceable to the registration statement and prospectus issued in connection with the Company's September 2018 initial public offering.  These losses, along with his *prima facie* showing of adequacy and typicality, qualify him as the "most adequate plaintiff." *See* 15 U.S.C. §§ 77z- 1(a)(3)(B)(iii)(I)(bb), 78u-4(a)(3)(B)(iii)(I)(bb).  Furthermore, due to the notices of non-opposition filed by all competing movants, Mr. Pappas' motion is now unopposed.

Mr. Pappas' $800,936 loss due to Defendants' violations of §§10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder by the United States Securities Exchange Commission ("SEC") is more than ***19x*** the loss of any of the other movants, and his $373,497 loss due to Defendants' violations of §§11 and 15 of the Securities Act of 1933 (the "Securities Act") is more than ***9x*** the loss of any of the other movants. As demonstrated by the chart below, no other movant has a financial interest greater than Mr. Pappas based on the most important factor – approximate loss – or any other factor:

---

[1] On November 2, 2020, Ms. Nguyen, Mr. Burnham, and Mr. Arredondo filed Notices of Non-Opposition to Competing Lead Plaintiff Motions. *See* Dkt. Nos. 18, 19, 20 (respectively).

| Movant | Shares Purchased | Retained Shares | Net Funds Expended | Exchange Act Losses[2] | Securities Act Losses[3] |
|---|---|---|---|---|---|
| Mr. Pappas | 96,436 | 90,036 | $1,099,762 | $800,936 | $373,497 |
| Mr. Arrendondo | 7,000 | 0 | $58,705 | $11,487 | N/A |
| Mr. Burnham | 1,231 | 1,231 | $4,361 | $1,331 | $1,025 |
| Ms. Nguyen | 5,000 | 5,000 | $54,950 | $41,552 | $41,400 |

*See Hom v. Vale, S.A.*, No. 1:15-cv-9539-GHW, 2016 WL 880201, at *3 (S.D.N.Y. Mar. 7, 2016) ("The PSLRA does not specify a method for calculating which plaintiff has the 'largest financial interest,' and neither the Supreme Court nor the Second Circuit has provided instruction on the appropriate method.").[4] As such, Mr. Pappas is the movant most incentivized to act as a vigorous advocate on behalf of the Class and is the presumptive Lead Plaintiff.

Mr. Pappas also satisfies the typicality and adequacy requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") and is well situated to represent all Class members. He submitted a declaration attesting that, due to his substantial losses, he is "motivated to seek the best possible result for myself and the proposed class," and if appointed as Lead Plaintiff, he "will

---

[2] Exchange Act damages are calculated based on (i) the difference between the purchase price paid for the shares and the average trading price of the shares during the 90-day period beginning on the date the information correcting the misstatement was disseminated, *or* (ii) the difference between the purchase price paid for the shares and the average trading price of the shares between the date when the misstatement was corrected and the date on which the plaintiff sold their shares, if they sold their shares before the end of the 90-day period. 15 U.S.C. § 78u-4(e).

[3] Securities Act damages are limited to the difference between the amount paid for the security (not exceeding the price at which the security was offered to the public) and (i) the value thereof as of the time such suit was brought, or (ii) the price at which such security shall have been disposed of in the market before suit, or (iii) the price at which such security shall have been disposed of after suit but before judgment if such damages shall be less than the damages representing the difference between the amount paid for the security (not exceeding the price at which the security was offered to the public) and the value thereof as of the time such suit was brought. 15 U.S. C. § 77k (e).

[4] Unless otherwise noted, all emphasis has been added and internal citations have been omitted.

monitor and direct the efforts and activities of my proposed Lead Counsel to ensure that the litigation is handled efficiently." *See* Dkt. No. 9-3, ¶¶ 3, 6. In addition, he is free of conflict and has further demonstrated his adequacy by selecting RCF, a firm with extensive experience and expertise in securities fraud and other class actions, as proposed Lead Counsel.

Because Mr. Pappas has the largest financial interest in this litigation and has made a *prima facie* showing of his typicality and adequacy, he is entitled to the strong presumption that he is the "most adequate plaintiff." Under the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), that presumption can only be rebutted "upon ***proof***" – record evidence – that he is inadequate or atypical. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). No such "proof" exists. *See Glauser v. EVCI Career Colls. Holding Corp.*, 236 F.R.D. 184, 189-90 (S.D.N.Y. 2006) (rejecting "speculative and hypothetical argument that [presumptive lead plaintiff] ***might*** be subject to a later attack by Defendants") (emphasis in original); *see also Moshell v. Sasol Ltd.*, No. 20-cv-1008 (JSR), 2020 WL 2115410, at *2-*3 (S.D.N.Y. May 4, 2020) (finding that speculative arguments did not rebut presumption of most adequate plaintiff). Accordingly, Mr. Pappas' motion should be granted in its entirety.

## II. MR. PAPPAS IS THE MOST ADEQUATE PLAINTIFF

Mr. Pappas, a sophisticated investor with no conflicts and the largest losses, is the presumptive Lead Plaintiff under the PSLRA.

### A. Mr. Pappas has the largest financial interest.

Mr. Pappas' financial interest of $800,936 in Exchange Act losses and $373,497 in Securities Act losses is at least ***19x*** and ***9x***, respectively, as large as the losses claimed by any other movant. *See* Dkt. Nos. 7-2, 9-2, 15-1, 16-2. As the movant with "the largest financial interest in the relief sought by the class," Mr. Pappas is the "most adequate plaintiff." 15 U.S.C. §

(a)(3)(B)(iii)(I)(bb).  While the PSLRA does not specify how to calculate the size of a given plaintiff's financial interest, courts in this Circuit have traditionally focused on "financial loss" as the most relevant proxy for financial interest.  *Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 395 (S.D.N.Y. 2008); *Li HongCheng v. Canada Goose Holdings Inc.*, No. 19-CV-8204 (VSB), 2019 WL 6617981, at *3–*6 (S.D.N.Y. Dec. 5, 2019) (collecting cases for the proposition that "the magnitude of the loss suffered is normally the most significant factor when determining a movant's financial interest").  Mr. Pappas indisputably has suffered the largest loss and, therefore, has the largest financial interest of any other movant and is the presumptive "most adequate plaintiff."  *See Hom*, 2016 WL 880201, at *2.  Consideration of any of the other factors yields the same result because Mr. Pappas also purchased the largest number of shares, retained the largest number of shares, and expended the most in net funds during the Class Period. *See Glavan v. Revolution Lighting Techs., Inc.*, No. 19-CV-980(JPO), 2019 WL 3406582, at *3 (S.D.N.Y. July 29, 2019); Dkt. No. 9-2.

### B.  Mr. Pappas satisfies the adequacy and typicality requirements of Rule 23.

Further, Mr. Pappas has made a preliminary showing of adequacy and typicality.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc); *City of Riviera Beach Gen. Emps. Ret. Sys. v. Macquarie Infrastructure Corp.*, No. 18-CV-3608 (VSB), 2019 WL 364570, at *4 (S.D.N.Y. Jan. 30, 2019) ("A potential lead plaintiff must also make a preliminary showing that it satisfies the typicality and adequacy requirements of Rule 23."); *Sasol*, 2020 WL 2115410, at *1 (same).

First, as to adequacy, the interests of Mr. Pappas mirror those of the Class in maximizing the potential recovery in this litigation.  Because he suffered substantial losses in his Qutoutiao investments, Mr. Pappas is highly incentivized to vigorously pursue this litigation and oversee counsel.  *See Lipetz v. Wachovia Corp.*, No. 08 Civ. 6171 (RJS), 2008 WL 4615895, at *3

(S.D.N.Y. Oct. 10, 2008) (movant's "substantial financial stake in the litigation" suggests that it would vigorously prosecute claims on behalf of the class); *see also Baldwin v. Net 1 UEPS Techs., Inc.*, No. 19-cv-11174 (PKC), 2020 WL 1444937, at *3 (S.D.N.Y. Mar. 25, 2020) ("[F]inancial loss and . . . moving to be appointed lead plaintiff demonstrate sufficient interest in the outcome of the case"). Nor does Mr. Pappas have any antagonism towards the Class. *See Macquarie,* 2019 WL 364570, at *7 (adequacy inquiry tests whether "there exists any conflict between [the movant's] claims and those asserted on behalf of the class").

Furthermore, Mr. Pappas selected and retained RCF as its proposed Lead Counsel for the Class after careful consideration and negotiation of a detailed retainer agreement, including a cap of the attorney's fees on behalf of the proposed Class. *See* Dkt. No. 9-3, ¶ 9; *see also Cohen v. U.S. Dist. Ct.*, 586 F.3d 703, 712 (9th Cir. 2009) (citing *In re Cendant Corp. Litig.*, 264 F.3d 201, 276 (3d Cir. 2001)) (considering "the process through which the lead plaintiff selected its candidates for and final choice of lead counsel"). With significant experience successfully litigating complex securities class actions, RCF is well suited to prosecute this litigation. *See* Dkt. No. 9-4; *Sasol*, 2020 WL 2115410, at *2 (finding adequacy requirement satisfied where movant selected "firm experienced in securities class action litigation"). Beyond selecting highly qualified counsel, Mr. Pappas has the sophistication and willingness necessary to effectively oversee counsel in this case, a lead plaintiff's critical function. *See* Dkt. No. 9-3, ¶ 7 ("I will, among other things, review pleadings and motion papers, obtain regular status reports on the progress of the litigation, participate in discovery, and have input into litigation decisions, including settlement negotiations."). Accordingly, Mr. Pappas is adequate to represent the proposed Class.

Second, Mr. Pappas is typical to the Class and not subject to any potentially disqualifying unique defenses. "With respect to typicality, courts consider whether the claims of the proposed

5

lead plaintiff 'arise from the same conduct from which the other class members' claims and injuries arise.'" *Salinger v. Sarepta Therapeutics, Inc.*, No. 19-CV-8122 (VSB), 2019 WL 6873807, at *3 (S.D.N.Y. Dec. 17, 2019) (quoting *In re Initial Pub. Offering Sec. Litig.*, 214 F.R.D. 117, 121 (S.D.N.Y. 2002)). But Rule 23 does not require a lead plaintiff to be identically situated with all class members to satisfy typicality. *See id.*, ("claims need not be identical"); *Faig v. Bioscrip, Inc.*, No. 13 Civ. 06922 (AJN), 2013 WL 6705045, at *3 (S.D.N.Y. Dec. 19, 2013) (same); *Hevesi v. Citigroup Inc.*, 366 F.3d 70, 82 (2d Cir. 2004) ("[n]othing in the PSLRA indicates that district courts must choose a lead plaintiff with standing to sue on every available cause of action. Rather, because the PSLRA mandates that courts must choose a party who has, among other things, the largest financial stake in the outcome of the case, it is inevitable that, in some cases, the lead plaintiff will not have standing to sue on every claim.").

Here, Mr. Pappas' claims are typical of the proposed Class because he: (i) suffered losses on his investments in Qutoutiao securities; (ii) as a result of his reliance on Defendants' alleged misstatements concerning the Company's advertisements and related revenues; (iii) therefore, his claims are based on the same course of events as the claims of the Class; and (iv) as a result thereof, his claims will rely upon the same legal theories as the Class as a whole. Therefore, Mr. Pappas satisfies the typicality requirement. *See Sasol*, 2020 WL 2115410, at *1 (finding movant typical where he sought "recovery for losses incurred as a result of defendants alleged misrepresentations and omissions with respect to a single course of conduct whose revelation resulted in declines in the price of . . . securities").

### C. The presumption that Mr. Pappas should be appointed Lead Plaintiff cannot be rebutted.

To overcome the presumption that Mr. Pappas should be appointed as Lead Plaintiff, the PSLRA allows competing movants to offer ***proof*** that he is atypical or inadequate. *See* 15 U.S.C.

6

§ 78u-4(a)(3)(B)(iii)(II); *see also Sarepta*, 2019 WL 6873807, at *5 (proof is required to rebut presumption of adequacy); *OFI Risk Arbitrages v. Cooper Tire & Rubber Co.*, 63 F. Supp. 3d 394, 402 (D. Del. 2014) ("the PSLRA requires 'actual proof' that the presumptive lead plaintiffs are inadequate representatives of the class or subject to unique defenses") (citing *In re Cendant,* 264 F.3d at 269).  No such proof exists.

### III.    ALL COMPETING MOTIONS HAVE FILED NOTICES OF NON-OPPOSITION.

While the other movants initially filed competing motions for appointment as Lead Plaintiff, each has now filed a notice of non-opposition apparently recognizing that Mr. Pappas is the presumptive Lead Plaintiff, satisfies the typicality and adequacy requirements, and should be appointed Lead Plaintiff.

### IV.    CONCLUSION

For the foregoing reasons, Mr. Pappas respectfully requests that the Court grant his motion and enter an Order: (1) consolidating the above-captioned actions; (2) appointing Mr. Pappas as Lead Plaintiff; (3) approving Mr. Pappas's selection of RCF as Lead Counsel for the putative Class; and (4) granting such other relief as the Court may deem just and proper.

DATED: November 2, 2020                Respectfully Submitted,

**ROCHE CYRULNIK FREEDMAN LLP**

*/s/ Constantine P. Economides*
Constantine P. Economides
Velvel (Devin) Freedman (*pro hac forthcoming*)
Ivy T. Ngo (*pro hac forthcoming*)
200 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 971-5943
Email: ceconomides@rcfllp.com
Email: vel@rcfllp.com
Email: ingo@rcfllp.com

Kyle Roche
Jason Cyrulnik
99 Park Avenue, 19th Floor
New York, NY 10016
Telephone: (646) 350-0527
Email: kyle@rcfllp.com
Email: jcyrulnik@rcfllp.com

*Counsel for Lead Plaintiff Movant James Pappas and Proposed Lead Counsel for the Class*

**THE SCHALL LAW FIRM**
Brian Schall (*pro hac forthcoming*)
1880 Century Park East, Suite 404
Los Angeles, CA 90067
Telephone: (424) 303-1964
Email: brian@schallfirm.com

*Additional Counsel for Lead Plaintiff Movant James Pappas*

## **CERTIFICATE OF SERVICE**

I hereby certify under penalty of perjury that on November 2, 2020, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel of record.

>   */s/ Constantine P. Economides*
>   Constantine P. Economides