UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEVEN BURNHAM, Individually and on Behalf of All Others Similarly Situated,<br><br>     Plaintiff,<br><br>  v.<br><br>QUTOUTIAO INC., ERIC SILIANG TAN, LEI LI, JINGBO WANG, XIAOLU ZHU, SHAOQING JIANG, JIANFEI DONG, OLIVER YUCHENG CHEN, CITIGROUP GLOBAL MARKETS INC., DEUTSCHE BANK SECURITIES INC., CHINA MERCHANTS SECURITIES (HK) CO., LTD., UBS SECURITIES LLC, and KEYBANC CAPITAL MARKETS INC.,<br><br>     Defendants. | 20-Cv-6707 (SHS)<br><br>OPINION & ORDER |
| HOWARD BROWN, Individually and on Behalf of All Others Similarly Situated,<br><br>     Plaintiff,<br><br>  v.<br><br>QUTOUTIAO INC., ERIC SILIANG TAN, LEI LI, JINGBO WANG, XIAOLU ZHU, SHAOQING JIANG, JIANFEI DONG, and OLIVER YUCHENG CHEN,<br><br>     Defendants. | 20-Cv-7717 (SHS) |

SIDNEY H. STEIN, U.S. District Judge.

  These securities class actions arise out of alleged misrepresentations made by Qutoutiao, Inc., a Chinese news-aggregation app, in public securities filings relating to its September 2018 initial public offering and in its public statements while trading on NASDAQ. On October 19, 2020, four purported class members moved to consolidate the two actions, to be named lead plaintiff for the putative class, and for approval of their selection of lead counsel for the class. (*See* ECF Nos. 5-17.) For the reasons laid out below, the motion to consolidate is granted. James Pappas's motion for appointment as lead plaintiff and for approval of his selection of Roche Cyrulnik Freedman LLP as lead counsel is granted. All other motions for appointment as lead plaintiff and approval of lead counsel are denied.

I. **BACKGROUND**

Stephen Burnham filed the initial class action complaint on August 20, 2020, naming as defendants Qutoutiao, Inc., its directors and officers, and the corporate underwriters of its 2018 IPO. (*See* Burnham Compl., ECF No. 1.) Burnham, a purchaser of Qutoutiao's American Depositary Shares (ADSs), alleges that Qutoutiao made material misrepresentations and omissions in its registration statement, prospectus, and public statements in violation of Sections 11 and 15 of the Securities Act of 1933, Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, and SEC Rule 10b-5. (*Id.* ¶¶ 10-12.)

Burnham's claim centers on Qutoutiao's alleged undisclosed replacement of its reputable third-party advertising agent with a related party. That action by Qutoutiao allegedly bypassed independent oversight and permitted the widespread placement of fraudulent advertisements on Qutoutiao's mobile app. (*Id.* ¶ 10.) Plaintiff claims that these misrepresentations and false advertisements, once exposed, caused a "precipitous decline" in the value of Qutoutiao's ADSs. (*Id.* ¶ 11.)

In accordance with the lead-plaintiff provisions of the Private Securities Litigation Reform Act of 1995 ("PSLRA"), Burnham published notice of his complaint in Business Wire, a "widely circulated national business-oriented" wire service, on August 20. 15 U.S.C. § 78u-4(a)(3)(A)(i); *see QTT Class Action Notice*, Bus. Wire (Aug. 20, 2020, 6:33 PM), https://www.businesswire.com/news/home/20200820005845/en/QTT-CLASS-ACTION-NOTICE-Glancy-Prongay-Murray-LLP-Files-Securities-Fraud-Lawsuit-Against-Qutoutiao-Inc. Pursuant to the PSLRA, any class member who desired to serve as lead plaintiff of the putative class then had 60 days to file a motion with this Court. 15 U.S.C. § 78u-4(a)(3)(A)(i)(II).

On September 18, 2020, plaintiff Howard Brown filed a related class-action complaint (Brown Compl., ECF No. 1, 20-Cv-7727.) On October 19—the last day of the 60-day statutory window—four putative class members filed motions to consolidate the two cases, to be named lead plaintiff, and for approval of lead counsel. (*See* ECF Nos. 5-17.)

II. **DISCUSSION**

    A. **Consolidation of the Actions Is Appropriate Pursuant to Federal Rule of Civil Procedure 42(a)**

Federal Rule of Civil Procedure 42(a) gives this Court authority to consolidate any actions that "involve a common question of law or fact." Furthermore, the PSLRA requires that the Court decide any motion to consolidate before appointing a lead plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(ii). In securities class actions where the complaints are "based on the same 'public statements and reports,' consolidation is appropriate" as long as it would not prejudice the defendants. *Werner v. Satterlee, Stephens, Burke & Burke*, 797 F. Supp. 1196, 1211 (S.D.N.Y. 1992) (quoting *Lloyd v.*

*Industrial Bio–Test Laboratories, Inc.*, 454 F. Supp. 807, 812 (S.D.N.Y.1978)); *cf. Katz v. Realty Equities Corp. of New York*, 521 F.2d 1354, 1359-61 (2d Cir. 1975).

Here, the two actions challenge the exact same public statements and reports; present nearly identical legal and factual issues; and identify an identical class period. Indeed, Brown's complaint reproduces the text of Burnham's almost verbatim. The only material difference between the two complaints is that Burnham includes the underwriters as defendants, but Brown's complaint does not. Nonetheless, "the gravamen of the complaints in each of the related actions is the same" exact set of factual and legal questions, *Constance Sczesny Tr. v. KPMG LLP*, 223 F.R.D. 319, 322 (S.D.N.Y. 2004), and the differences "do not outweigh the interests of judicial economy served by consolidation," *Pipefitters Local No. 636 Defined Ben. Plan v. Bank of Am. Corp.*, 275 F.R.D. 187, 190 (S.D.N.Y. 2011). Moreover, far from prejudicing the defendants—most of whom are located in China—consolidating these matters would help ameliorate both the costs and the logistical difficulties of international litigation. Accordingly, the Court finds that consolidation of these related matters is appropriate.

### B. James Pappas Is the Appropriate Lead Plaintiff Under the PSLRA

Once consolidation is ordered, the PSLRA requires that the Court appoint the "most adequate plaintiff as lead plaintiff" for the consolidated action "[a]s soon as is practicable." 15 U.S.C. § 78u-4(a)(3)(B)(ii). The "most adequate plaintiff" determination "proceeds in a two-stage inquiry." *Constance Sczesny Tr.*, 223 F.R.D. at 323.

First, the PSLRA requires the Court to adopt a rebuttable presumption that the "most adequate plaintiff" is the one who (1) filed a timely complaint or motion for appointment, (2) "has the largest financial interest in the relief sought by the class" and (3) "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u(a)(3)(B)(iii)(I)(aa)-(cc). Second, this presumption may be rebutted upon proof by another class member that the presumptive most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." *Id.* § 78u(a)(3)(B)(iii)(II)(aa)-(bb).

Here, the two-step inquiry is a simple one. Of the four movants—each of whom, as noted above, timely filed his or her motion within the 60-day statutory window—James Pappas has by far the largest financial interest in the relief sought by the class. Since the PSLRA does not specify how the "largest financial interest" should be calculated, courts generally consider four factors: "(1) the number of shares purchased; (2) the number of net shares purchased; (3) total net funds expended by the plaintiffs during the class period; and (4) the approximate losses suffered by the plaintiffs." *See, e.g., Richman v. Goldman Sachs Grp., Inc.*, 274 F.R.D. 473, 475 (S.D.N.Y. 2011).

By any of these metrics, Pappas's financial interest dwarfs the other movants' interests by an order of magnitude. Pappas represents that he purchased over $1 million in Qutoutiao ADSs in September 2018 and that he still retains roughly 90,000 of his

96,436 purchased shares, at a total net loss of over $800,000. (Economides Decl. Ex. B, ECF No. 9.) Each of the other three movants alleges a loss of less than $42,000 on a far smaller net purchase. (*See* Lieberman Decl. Ex. A, ECF No. 15; Hopkins Decl. Ex. B, ECF No. 7; Linkh Decl. Ex. B, ECF No. 16.) This Court easily concludes that Pappas has the largest financial interest in the case.

Pappas also demonstrates that he satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. Of the four requirements laid out by Rule 23(a)—known as numerosity, commonality, typicality, and adequacy—a lead-plaintiff movant under the PSLRA must make only a "preliminary showing that the adequacy and typicality requirements have been met." *Blackmoss Investments, Inc. v. ACA Capital Holdings, Inc.*, 252 F.R.D. 188, 191 (S.D.N.Y. 2008); *see also Constance Sczesny Tr.*, 223 F.R.D. at 324.

Typicality is met if "the claims or defenses of the representative party are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). This inquiry turns on whether the movant's claim "arises from the same course of events" and "makes similar legal arguments to prove the defendants' liability." *In re Drexel Burnham Lambert Grp., Inc.*, 960 F.2d 285, 291 (2d Cir. 1992). Adequacy is met if "the representative party will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). On this prong, a court evaluates whether "(1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *Foley v. Transocean Ltd.*, 272 F.R.D. 126, 131 (S.D.N.Y. 2011)

Pappas's claim is typical of the putative class. Like all other movants and class members, Pappas purchased Qutoutiao ADSs during the class period, suffered losses, and claims that those losses are attributable to the same material false and misleading statements made by defendants. Because Pappas's claims pertain to "the same conduct from which the other class members' claims and injuries arise," *Foley*, 272 F.R.D. at 131, and "share the same legal basis as claims asserted by other class members," *Constance Sczesny Tr.*, 223 F.R.D. at 324, Pappas satisfies the typicality requirement of Rule 23(a).

Pappas also satisfies Rule 23(a)'s adequacy requirement. Pappas's chosen counsel, Roche Cyrulnik Freedman LLP, asserts it has served as lead counsel or co-lead counsel in various securities class actions, including several in this district, and its attorneys appear appropriately "qualified, experienced, and generally able to conduct the litigation." The record shows no conflict between Pappas and any class members, nor has the Court been presented with any unique defenses that would interfere with his ability to represent the class. Finally, as discussed above, Pappas has by far the largest financial interest of any movant in the outcome of the case, and his "vigorous advocacy" is therefore duly ensured.

The Court thus finds that Pappas (1) timely moved for his appointment as lead plaintiff, (2) has the largest financial interest in the case of any movant, and (3) satisfies the Rule 23(a) requirements of typicality and adequacy. He is therefore the presumptive "most adequate plaintiff" pursuant to the PSLRA. As noted above, in order to overcome this presumption, another movant must show that the presumptive plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u(a)(3)(B)(iii)(II)(aa)-(bb). No other movant has attempted to make such a showing. Accordingly, the Court finds that James Pappas is the "most adequate plaintiff" and appoints him lead plaintiff in this case.

### C. Roche Cyrulnik Freedman LLP Is an Appropriate Lead Counsel Selection

The PSLRA empowers the lead plaintiff to select and retain counsel to represent the class, subject to the Court's approval. 15 U.S.C. § 78u(a)(3)(B)(v). As discussed above, this Court finds that Pappas's chosen counsel, Royce Cyrulnik Freedman LLP, is sufficiently qualified, experienced, and capable to represent the interests of class members in this action. The Court thus approves Pappas's selection and appoints Royche Cyrulnik Freedman LLP class counsel.

### III. CONCLUSION

For the reasons set forth above, the motions for consolidation of related actions under Rule 42(a) of the Federal Rules of Civil Procedure are granted. James Pappas's motion for appointment as lead plaintiff and for the approval of his selection of Roche Cyrulnik Freedman LLP as class counsel is granted. The lead-plaintiff motions filed by Robert Arredondo, Susan Nguyen, and Steven Burnham are denied. Lead plaintiff James Pappas is directed to file and serve an amended consolidated class action complaint within 30 days.

Dated:  New York, New York
        November 4, 2020

SO ORDERED

_____
SIDNEY H. STEIN
U.S.D.J.